{¶ 37} I concur with the observations of the majority regarding what appears to be poor record keeping on the part of the agency. I would also join the majority in expressing a desire for a more complete report by a guardian ad litem in a permanent custody case. However, the fact remains that by any account, appellant's overall cooperation in implementing the case plan was marginal and the trial court's ruling is supported by the recommendation of the guardian ad litem.
 {¶ 38} In addition, I would take issue with the characterization of the majority that the record demonstrates no drug-related culpability on the part of the appellant when in fact, the appellant openly admitted at the hearing that he was well aware of the mother's drug use and that he had refused to take drug screens or fully cooperate with drug assessments because he feared his own urine tests would come back "dirty." Nor do I share the view that the appellant was justified in missing scheduled early afternoon visitations with the child because he was allegedly out looking for the drug-involved mother. Whether such evidence is sufficient for a fact-finder to infer that appellant participated in or enabled the mother's drug problem is debatable. However, this evidence does not permit a conclusive determination that he had no involvement whatsoever.
 {¶ 39} Nevertheless, the foregoing evidence aside, it seems to me that the greater issue in this case is presented by the fact that the children's services agency was confronted with the sudden removal of appellant from any meaningful participation in the case plan by reason of his incarceration for a twelve-month felony jail term. The majority apparently believes the agency must simply make whatever efforts are necessary to accommodate this problem. In certain minor offense cases it might be reasonable to do so. However, in this instance, I do not believe that the children's services agency was obligated, at the obvious expense of the best interests of the child, to attempt to further accommodate a parent who by reason of his own criminal conduct and incarceration would be precluded from any reasonable participation in the case plan or visitation with the child for at least an additional year with no assurances even then. (The extended period of time necessary to implement the plan from June 2001 was more likely to be at least eighteen months as the appellant testified in January of 2002 that he would need yet another year or up to six months after getting out of jail. No doubt this would also presume a greater level of cooperation than appellant had demonstrated prior to June 2001.)
 {¶ 40} In sum, I do not believe a children's services agency is necessarily required to put a case plan on hold, modify the plan or otherwise toll the time for filing a motion for permanent custody simply to accommodate a parent's felony jail sentence. On the contrary, it should be a discretionary decision the agency is entitled to make on a case by case basis, taking into account the statutory factors and the best interests of the child.
 {¶ 41} In the circumstances of this case, I do not believe it was unreasonable or arbitrary for the agency to proceed with a motion for permanent custody in June of 2001. Nor do I believe it was an abuse of discretion or against the weight of the evidence for the Juvenile Court to find all of the necessary factors for permanent custody were present in the agency's decision. For these reasons, I respectfully dissent. I would affirm the judgment of the Juvenile Court.